1
2
3
4
5
6
7      **UNITED STATES DISTRICT COURT**
8      **CENTRAL DISTRICT OF CALIFORNIA**
9
10   DUKE M. RICHARDSON, JR.,                )   Case No. EDCV 13-1922-SJO (KK)
                                             )
11                  Plaintiff,               )
                                             )
12          v.                               )   **FINAL REPORT AND**
                                             )   **RECOMMENDATION OF UNITED**
13   SAN BERNARDINO COUNTY                   )   **STATES MAGISTRATE JUDGE**
     SHERIFF'S DEPARTMENT, et al.,           )
14                                           )
                    Defendants.              )
15   _____)
16
17          This Final Report and Recommendation[1] is submitted to the Honorable S. James
18   Otero, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194
19   of the United States District Court for the Central District of California.
20
                                            **I.**
21
                          **SUMMARY OF RECOMMENDATION**
22
23          On November 6, 2013, Plaintiff Duke M. Richardson, Jr., filed a *pro se* civil rights
24   complaint ("Complaint") under 42 U.S.C. § 1983, alleging his Eighth Amendment rights
25   were violated because (1) two county jail deputies used excessive force against him, and
26   (2) the jail's medical staff was deliberately indifferent to his medical needs.  On January
27   _____
28   [1] This Final Report and Recommendation addresses objections Plaintiff raised to the
     original Report and Recommendation.  <u>See</u> ECF No. 33.

29, 2015, Defendants filed a Motion for Summary Judgment ("Motion").  For the reasons set forth below, the Court recommends granting the Motion and dismissing this action with prejudice.

## II.

### BACKGROUND

On November 6, 2013, Plaintiff filed the instant Complaint.  ECF No. 3.  Plaintiff names the San Bernardino County Sheriff's Department, Deputy Williams, and Deputy Hluchan as defendants, suing each of them in their individual and official capacities.  Id. at 3.

In the unverified Complaint, Plaintiff alleges that, on April 19, 2011, while he was an inmate at Central Detention Center ("CDC") in San Bernardino, California, Deputy Christian Williams ordered him to leave an area of the jail.[2]  Id. at 3, 5.  Plaintiff alleges he obeyed the order, but Deputy Williams began to attack him by "slamm[ing] [his] whole body against the wall," causing bleeding and tooth damage.  Id. at 5.  Plaintiff alleges Deputy Allen Hluchan then joined Deputy Williams, and "began slamming" Plaintiff's head on the floor.  Id.  Plaintiff claims Deputy Williams and Deputy Hluchan "maliciously and sadistically applied excessive" force.  Id.  Plaintiff further alleges the medical staff "refus[ed] to fix" his tooth, which was "broken due to the assault."  Id.

Construing the Complaint liberally, Plaintiff claims violations of his Eighth Amendment rights based upon (1) Deputy Williams's and Deputy Hluchan's use of excessive force, and (2) the CDC medical staff's deliberate indifference to medical needs.  Id.  Plaintiff asks for one million dollars in damages, for pain and dental treatment.  Id. at 5-6.

---

[2] In his objections to the original Report and Recommendation, Plaintiff refers to the Complaint as "verified."  ECF No. 33 at 2.  Contrary to Plaintiff's assertion, the Complaint was not sworn to under penalty of perjury, and thus was not verified.  See ECF No. 3 at 1-6.

On November 18, 2013, the Court ordered service of the Complaint on Deputy Williams and Deputy Hluchan (collectively, "Defendants"), in their individual capacities only.  See ECF No. 6.

On May 1, 2014, Defendants filed an Answer to the Complaint, in which they denied Plaintiff's allegations and denied Plaintiff "sustained any damages as a result of Defendants' conduct."  ECF No. 10 at 2.

On January 29, 2015, Defendants filed the instant Motion.  ECF No. 24.  The Motion is supported by a sworn declaration by Deputy Williams.  ECF No. 25-2.  The Motion is further supported by multiple Requests for Admissions (RFAs), which were served upon Plaintiff on July 8, 2014, and which are deemed admitted because Plaintiff never responded to them.[3]  See ECF Nos. 24-2, 24-3, 25-4; Fed. R. Civ. P. 36(a)(3); see also FTC v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) (stating that, if a party fails to respond to RFAs, "[n]o motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing.") (citation omitted).

On January 30, 2015, the Court issued an Order, pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), instructing Plaintiff that, to oppose the Motion, he needed to provide "admissible, documentary evidence" showing a genuine dispute of material fact.  ECF No. 27 at 2.  The Court offered examples of such evidence, including "affidavits or declarations of witnesses (including the plaintiff)."  Id. at 3.

On March 11, 2015, Plaintiff filed an Opposition to the Motion ("Opposition").

---

[3] In Plaintiff's objections to the original Report and Recommendation, he claims he "filed [his] response to the [RFAs] in August 2014."  ECF No. 33 at 5.  On September 4, 2014, the Court received but did *not* file an original document containing Plaintiff's responses to the RFAs.  ECF No. 22 at 2.  The Court rejected the document for filing and ordered it returned to Plaintiff, explaining that, pursuant to Local Rule 36-3, original responses to RFAs "shall be held by the attorney propounding the requests pending use or further order of the Court."  Id. at 1.  Thus, contrary to Plaintiff's suggestion, there is no indication he ever propounded responses to the RFAs on opposing counsel.  Even assuming otherwise, Plaintiff's failure to respond to the RFAs is just one of many independent reasons Defendants are entitled to summary judgment.

1   ECF No. 29.  The Opposition does not clearly address any of Defendants' arguments for

2   summary judgment.  Instead, the Opposition is largely an unsworn restatement of the

3   allegations in the Complaint.  See id. at 1-9.  The Opposition is accompanied by

4   Plaintiff's administrative grievance forms, which the Court already had in its possession,

5   but is not accompanied by any affidavits or declarations.  Moreover, Plaintiff has still not

6   responded to the RFAs.

7           On August 21, 2014, Defendants filed a Reply to the Opposition.  ECF No. 29.

8   Thus, this matter stands ready for decision.

9

10                                          **III.**

11                          **STATEMENT OF FACTS**

12  **A.    Deputy Williams's Declaration**

13          According to Deputy Williams's sworn declaration, on April 19, 2011, at

14  approximately 1:45 p.m., he was monitoring the second floor of CDC and Deputy

15  Hluchan was monitoring the first floor.  ECF No. 25-2 at 2.  Plaintiff was among "a

16  group of inmates who were proceeding" up an escalator "from the first floor to the second

17  floor."  Id.  Deputy Hluchan asked Deputy Williams, over the radio, to "re-direct

18  [Plaintiff] back down to the first floor."  Id.

19          Deputy Williams told Plaintiff "that he needed to turn around and go back to the

20  first floor."  Id.  Plaintiff looked at Deputy Williams and said, "I know; I heard."  Id.

21  However, Plaintiff "did not comply immediately with the order to turn around."  Id.

22  Deputy Williams then placed his left hand on Plaintiff's right shoulder, at which point

23  Plaintiff "backed up and said, 'You don't need to fucking touch me.'"  Id.

24          Deputy Williams "followed [Plaintiff] to the top of the escalator and told him to

25  put his hands behind his back because he was becoming more agitated" and continuing to

26  curse.  Id.  "At first, [Plaintiff] began to comply, but when [Deputy Williams] reached for

27  [Plaintiff's] right hand, [Plaintiff] balled up his right fist and tensed up his body."  Id.  In

28  response, Deputy Williams "placed [Plaintiff] against the wall" to "better control him."

                                              4

Id.

Plaintiff "resisted by turning his body away from the wall towards" Deputy Williams. Id. Deputy Williams then "reached around [Plaintiff's] chest to try and gain control of him." Id. Plaintiff continued to "struggle" and the two men "fell to the ground." Id.

While on the ground, Deputy Williams placed his "body on top of [Plaintiff] to obtain control of him." Id. at 3. Deputy Hluchan then came up the stairs to assist Deputy Williams in placing Plaintiff in handcuffs. Id. Deputy Williams states he "did not use any force beyond that force necessary to place [Plaintiff] onto the wall and control him while on the ground, then to place him into handcuffs." Id. Plaintiff "was never kicked or beaten while on the floor," nor "was his face pushed into the concrete at any time." Id.

**B.    Administrative Grievances**

On April 21, 2011, Plaintiff filed an inmate grievance against Deputy Williams and Deputy Hluchan, alleging excessive force. ECF No. 24-1 at 2-4. On May 10, 2011, an investigator found Deputy Williams used appropriate force "to stop and control" Plaintiff after Plaintiff "actively resisted" orders. Id. at 5.

On May 12, 2011, Plaintiff filed an inmate grievance appeal. Id. at 6. On the appeal form, Plaintiff stated he was "put in the hole" for 15 days after the incident with Deputy Williams. Id. The record does not contain a disposition of the grievance appeal.

**C.    Requests for Admission**

As previously stated, Defendants' RFAs have been admitted because Plaintiff never responded to them.[4] See Fed. R. Civ. P. 36(a)(3). Thus, Plaintiff has admitted that,

---

[4] Most of the RFAs simply restate the assertions in Deputy Williams's sworn declaration. See ECF No. 25-1 at 2-8. However, certain RFAs concern matters outside

on April 19, 2011: (1) "Deputy Hluchan's only involvement was that he assisted Deputy C. Williams place handcuffs" on Plaintiff; (2) no San Bernardino County employee used excessive force against Plaintiff; (3) Plaintiff "sustained no injuries as a result of any conduct" by Deputy Williams, Deputy Hluchan, or any other San Bernardino County employee; (4) the amount of force used against Plaintiff "was reasonably necessary to maintain order"; (5) "no defendant in this case injured" Plaintiff's tooth; (6) the force used against Plaintiff "was not applied maliciously or sadistically"; and (7) "the County of San Bernardino, its agents and employees were not deliberately indifferent to [Plaintiff's] serious medical needs." ECF No. 24-2 at 4-5 (RFA Nos. 15-24).

## IV.

## LEGAL STANDARD

"Summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sheehan v. City & Cnty. of San Francisco, 743 F.3d 1211, 1220 (9th Cir. 2014) (citations and internal quotation marks omitted). "[A]t the summary judgment stage, we must draw all reasonable inferences in favor of the non-moving party and, where disputed issues of material fact exist, assume the version of the material facts asserted by the non-moving party to be correct." Aloe Vera of Am., Inc. v. United States, 699 F.3d 1153, 1165 (9th Cir. 2012) (citations omitted). "In deciding whether to grant summary judgment, the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. (citation and internal quotation marks omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Id. (citation and internal quotation marks omitted).

"At the summary judgment stage, a party no longer can rely on allegations alone,

---

of Deputy Williams's declaration.

6

however plausible they may be." <u>Lopez v. Pac. Mar. Ass'n</u>, 657 F.3d 762, 768 (9th Cir. 2011) (citation omitted); <u>see also</u> <u>Estate of Tucker ex rel. Tucker v. Interscope Records</u>, 515 F.3d 1019, 1033 (9th Cir. 2008) ("To defeat a summary judgment motion, . . . the non-moving party may not rest upon the mere allegations or denials in the pleadings.") (citation and internal quotation marks omitted); <u>Nelson v. Pima Community Coll.</u>, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.") (citation omitted).  Rather, a "party opposing summary judgment must present some significant probative evidence tending to support the complaint." <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1222 (9th Cir. 2007) (citation and internal quotation marks omitted).  If a plaintiff fails "to present any evidence to support" a claim, summary judgment in favor of the defendant is appropriate. <u>Id.</u>[5]

If a plaintiff is *pro se*, a court "must consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested *under penalty of perjury* that the contents of the motions and pleadings are true and correct." <u>Jones v. Blanas</u>, 393 F.3d 918, 929 (9th Cir. 2004) (citations omitted; emphasis added).  However, unsworn "assertions do not constitute evidence in opposition to" summary judgment.[6] <u>Coverdell v. Dep't of Soc. and Health Servs.</u>, 834 F.2d 758, 762 (9th Cir. 1987) (citation omitted).

---

[5] <u>Accord</u> <u>Gonzalez v. City of Anaheim</u>, 747 F.3d 789, 797-98 (9th Cir. 2014); <u>Cano v. Taylor</u>, 739 F.3d 1214, 1217 (9th Cir. 2014); <u>Lopez</u>, 657 F.3d at 768; <u>Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1111 (9th Cir. 2001); <u>Morrison v. Hall</u>, 261 F.3d 896, 906 (9th Cir. 2001).

[6] Plaintiff has not "attested under penalty of perjury that the contents of [his] motions and pleadings are true and correct." <u>Jones</u>, 393 F.3d at 929.  Thus, this Court may not consider Plaintiff's unsworn allegations in the Complaint and Opposition.  As previously stated, Plaintiff was explicitly warned that, to oppose the instant Motion, he needed to provide "admissible, documentary evidence" showing a genuine dispute of material fact. ECF No. 27 at 2.

1

2                                      **V.**

3                               **DISCUSSION**

4          Construing the Complaint liberally, Plaintiff claims violations of his Eighth

5    Amendment rights based upon (1) Deputy Williams's and Deputy Hluchan's use of

6    excessive force, and (2) the CDC medical staff's deliberate indifference to medical needs

7    in "refusing to fix" his "broken tooth."  ECF No. 3 at 5.

8

9    **A.    Defendants Are Entitled to Summary Judgment on Plaintiff's Claim of**

10          **Excessive Force.**

11          "When prison officials use excessive force against prisoners, they violate the

12   inmates' Eighth Amendment right to be free from cruel and unusual punishment."

13   Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (footnote omitted).  However,

14   "[f]orce does not amount to a constitutional violation in this respect if it is applied in a

15   good faith effort to restore discipline and order and not maliciously and sadistically for

16   the very purpose of causing harm."  Id. (citation and internal quotation marks omitted).

17   "For this reason, under the Eighth Amendment, [courts] look for malicious and sadistic

18   force, not merely objectively unreasonable force."  Id.

19          Plaintiff has not presented any evidence, much less "significant probative

20   evidence," that "tend[s] to support the complaint."  Bias, 508 F.3d at 1222.  Rather,

21   Plaintiff's Opposition is simply a series of "unsworn assertions," which "do not constitute

22   evidence in opposition to" summary judgment.  Coverdell, 834 F.2d at 762; see also ECF

23   No. 29 at 1-9.  Plaintiff's failure to present any evidence to support his claim of excessive

24   force is, by itself, sufficient basis for granting summary judgment in Defendants' favor.

25   Bias, 508 F.3d at 1222; see also supra n.5.

26          In addition, the record contains affirmative evidence that directly contradicts

27   Plaintiff's claim of excessive force.  In a sworn declaration, Deputy Williams states he

28   used only the force "necessary" to "gain control" of Plaintiff after Plaintiff failed to obey

an order, became "agitated," and began to "struggle" with Deputy Williams.  ECF No.
25-2 at 2-3.  Deputy Williams states Plaintiff "was never kicked or beaten while on the
floor," nor "was his face pushed into the concrete at any time."  Id. at 3.  Furthermore,
because Plaintiff never responded to Defendants' RFAs, Plaintiff has admitted that, on
April 19, 2011:  (1) Deputy Hluchan merely assisted Deputy Williams in placing
handcuffs on Plaintiff; (2) no San Bernardino County employee used excessive force
against Plaintiff; (3) Plaintiff "sustained no injuries as a result of any conduct" by Deputy
Williams, Deputy Hluchan, or any other San Bernardino County employee; (4) the
amount of force used on Plaintiff "was reasonably necessary to maintain order"; and (5)
the force used on Plaintiff "was not applied maliciously or sadistically."  ECF No. 24-2 at
4-5 (RFA Nos. 15-23).  Thus, even drawing "all reasonable inferences" in Plaintiff's
favor, the evidentiary record requires granting Defendants' Motion.  Aloe Vera of Am.,
699 F.3d at 1165.

Because Plaintiff has provided no evidence to support his claim of excessive force,
and because the record contains affirmative evidence that directly contradicts Plaintiff's
claim, the Defendants are entitled to summary judgment.  See Bias, 508 F.3d at 1222; see
also supra n.5.


**B.     Defendants Are Entitled to Summary Judgment on Plaintiff's Claim of
         Deliberate Indifference to Serious Medical Needs.**

"Prison officials violate the Eighth Amendment if they are deliberately indifferent
to a prisoner's serious medical needs."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir.
2014) (citation, internal quotation marks, and alterations omitted).  "A medical need is
serious if failure to treat it will result in significant injury or the unnecessary and wanton
infliction of pain."  Id. (citations and internal quotation marks omitted).  Dental care is
considered a serious medical need.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
1989).  "A prison official is deliberately indifferent to [a serious medical] need if he
knows of and disregards an excessive risk to inmate health."  Peralta, 744 F.3d at 1082

1  (citation and internal quotation marks omitted).  "Under this standard, the prison official

2  must not only be aware of facts from which the inference could be drawn that a

3  substantial risk of serious harm exists, but [the official] must also draw the inference."

4  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation

5  marks omitted).  "Whether an official possessed [the requisite] knowledge is a question

6  of fact subject to demonstration in the usual ways, including inference from

7  circumstantial evidence."  Grenning v. Miller-Stout, 739 F.3d 1235, 1239 (9th Cir. 2014)

8  (citation and internal quotation marks omitted) (noting an official's "[k]nowledge of a

9  risk of harm can be inferred where that risk is obvious").

10       As previously stated, Plaintiff has not presented any evidence, much less

11  "significant probative evidence," that "tend[s] to support the complaint."  Bias, 508 F.3d

12  at 1222.  Plaintiff's failure to present any evidence to support his claim of deliberate

13  indifference is, by itself, sufficient basis for granting summary judgment in Defendants'

14  favor.  Id.; see also supra n.5.  In addition, the record contains affirmative evidence that

15  directly contradicts Plaintiff's claim of deliberate indifference.  Because Plaintiff never

16  responded to Defendants' RFAs, Plaintiff has admitted that, on April 19, 2011, (1) he

17  "sustained no injuries as a result of any conduct" by Deputy Williams, Deputy Hluchan,

18  or any other San Bernardino County employee; (2) "no defendant in this case injured

19  [his] tooth"; and (3) "the County of San Bernardino, its agents and employees were not

20  deliberately indifferent to [his] serious medical needs."  ECF No. 24-2 at 4-5 (RFA Nos.

21  18-21, 24).  Thus, even drawing "all reasonable inferences" in Plaintiff's favor, the

22  evidentiary record requires granting Defendants' Motion.  Aloe Vera of Am., 699 F.3d at

23  1165.

24       Because Plaintiff has provided no evidence to support his claim of deliberate

25  indifference to serious medical needs, and because the record contains affirmative

26  evidence that directly contradicts Plaintiff's claim, the Defendants are entitled to

27  summary judgment.  See Bias, 508 F.3d at 1222; see also supra n.5.

28

**C.      Because Plaintiff Has Not Shown Any Constitutional Injury, His Official-Capacity Claims and Claims Against the San Bernardino County Sheriff's Department Should Be Dismissed.**

As previously stated, the Court ordered service of the Complaint on Deputy Williams and Deputy Hluchan in their individual capacities only.  <u>See</u> ECF No. 6.  The Court did not order service of the Complaint on the two deputies in their official capacities or on the San Bernardino County Sheriff's Department.

The "real party in interest" for Plaintiff's official-capacity claims against Deputy Williams and Deputy Hluchan, and for Plaintiff's claim against the San Bernardino County Sheriff's Department, is San Bernardino County itself.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Chudacoff v. Univ. Med. Cntr. of Southern Nev.</u>, 649 F.3d 1143, 1151 (9th Cir. 2011); <u>Community House, Inc. v. City of Boise</u>, 623 F.3d 945, 966-67 (9th Cir. 2010).  "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority."  <u>Chudacoff</u>, 649 F.3d at 1151 (citations and internal quotation marks omitted).  Here, Plaintiff has failed to show he suffered any "constitutional injury."  <u>Id.</u>; <u>see also</u> <u>supra</u> Sections V.A, V.B.  Consequently, Plaintiff has failed to show San Bernardino County is liable for any constitutional injury.  Thus, the Court should dismiss Plaintiff's claims against (1) the San Bernardino County Sheriff's Department, and (2) Deputy Williams and Deputy Hluchan in their official capacities.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VI.

## **CONCLUSION**

IT IS THEREFORE RECOMMENDED the Court issue an Order (1) accepting this Report and Recommendation; (2) granting Defendants' Motion for Summary Judgment; and (3) dismissing this action with prejudice.

DATED:  May 26, 2015

_____

HON. KENLY KIYA KATO
United States Magistrate Judge

12